IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOE ARELLANO,

          Plaintiff,

v.                                                     Civ. No. 05-1194 JCH/LAM

CHURCH OF THE HOLY FAITH,

          Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss with Prejudice, filed December 6, 2005 **[Doc. No. 2]**. The Court having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the Motion is not well taken and will be denied.

### BACKGROUND

On November 11, 2004, Plaintiff filed a lawsuit in this Court captioned *Joe Arellano vs. Church of the Holy Faith*, No. 04-CV-01245 DS/ACT, which originally was assigned to the Honorable Don J. Svet and later was reassigned to the Honorable Bruce D. Black. Over four months later, on March 23, 2005, Plaintiff's process server effected service upon Defendant by leaving a copy of the summons and complaint with Amy Rodriguez, Defendant's parish secretary. Thereafter, Defendant filed a motion to dismiss the complaint on the sole ground that Plaintiff failed to effect service within 120 days from the date of the filing of the complaint.

On November 15, 2005, Judge Black conducted a hearing on the motion to dismiss. At the close of the hearing, Judge Black granted Defendant's motion to dismiss without prejudice but allowed Plaintiff additional time to refile the complaint and effect service upon Defendant. On

November 21, 2005, Judge Black formalized his ruling in an order dismissing the case without prejudice and granting Plaintiff two days to refile the complaint and serve Defendant.  In the order, Judge Black noted that the case was filed under Title VII of the Civil Rights Act, that Plaintiff was required to file suit within 90 days of receipt of the Equal Employment Opportunity Commission's Right to Sue letter, that at the time of filing Plaintiff had two days remaining on the 90-day period, that the pendency of the suit tolled the expiration of the 90-day period, and that Plaintiff therefore had two days remaining on the 90-day period.

Pursuant to Judge Black's ruling, Plaintiff timely refiled the complaint on November 15, 2005.  That same day, Plaintiff contacted counsel for Defendant to inquire whether counsel, who already was the attorney of record and had just appeared on Defendant's behalf at the motion to dismiss hearing, would accept service on behalf of Defendant.  Defense counsel declined to do so.  On November 17, 2005, Plaintiff's process server attempted to serve Dale Coleman, Defendant's registered agent, at 311 East Palace Avenue, Santa Fe, New Mexico 87501.  The process server was advised that Dale Coleman was not in the office.  On November 18, 2005, the process server again attempted to serve Mr. Coleman.  Ms. Rodriguez, the parish secretary who originally had accepted service in March 2005, informed the process server that Mr. Coleman was out of the country on international travel and that she was not authorized to accept service on behalf of Defendant.  The process server nonetheless asked if he could leave the service with Ms. Rodriguez and placed the copies of the summons and complaint on her desk.

Thereafter, Plaintiff investigated the whereabouts of Mr. Coleman and determined that he would be returning to the parish on December 7, 2005.  On December 7th, Plaintiff's process server personally served Mr. Coleman with a copy of the summons and complaint.

**DISCUSSION**

In lieu of an answer, Defendant filed a motion to dismiss with prejudice on the ground that Plaintiff failed properly to serve Defendant by the deadline set forth in the November 21, 2005, order. Defendant asks the Court to dismiss the complaint with prejudice based solely upon this minor technical error which caused no prejudice to Defendant and which Plaintiff did not commit in bad faith.

Federal Rule of Civil Procedure 4(h)(1) provides in relevant part that service upon "a domestic . . . corporation . . . shall be effected . . . by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized . . . to receive service of process." The only time limit with respect to service of process is contained in Rule 4(m), which provides that service of the summons and the complaint shall be made upon a defendant within 120 days after the filing of the complaint. Here, Plaintiff effected proper service upon Defendant's registered agent on December 7, 2005, well within the 120-day time period. Accordingly, the Court concludes that Plaintiff timely served the proper individual pursuant to Rule 4(h)(1) within the time limit set forth in Rule 4(m).

Even though Plaintiff timely refiled his complaint within the 90-day statute of limitations (tolled during the pendency of the original litigation) pertaining to civil Title VII actions, and complied with Judge Black's order requiring him to refile his complaint by November 23, 2005, the Court nonetheless should dismiss the complaint with prejudice because Plaintiff failed to serve Defendant through a proper party by November 23, 2005. Defendant makes this motion despite the fact that Plaintiff in good faith (1) attempted to serve Defendant's counsel of record who had just represented Defendant before Judge Black at the motion to dismiss hearing, (2) attempted to serve Mr. Coleman, Defendant's registered agent, on two separate occasions only to learn that he

was out of the country and would not return prior to the November 23, 2005, deadline, (3) did in fact serve Ms. Rodriguez, Defendant's employee, who, although not authorized to accept service under Rule 4(h)(1), actually did accept service on November 18, 2005, and who previously had accepted service on Defendant's behalf in March 2005, and (4) did in fact serve Mr. Coleman as soon as he returned to the United States.  Given Plaintiff's good faith efforts to comply with the November 21, 2005, order, the Court declines to grant the motion to dismiss.

The Court also declines to grant the motion to dismiss because Defendant does not, and indeed cannot, argue that it has suffered any prejudice or surprise as a result of Plaintiff's failure to serve Defendant's registered agent or officer by November 23, 2005, when Plaintiff did in fact serve Defendant's employee prior to the deadline and Defendant's agent as soon as possible.  As of November 15, 2005, during the oral hearing on the motion to dismiss, Defendant was on notice that Plaintiff would be refiling and reserving the complaint.  Furthermore, Defendant's employee physically accepted service of process on November 18, 2005, and Defendant's registered agent personally and properly was served with the complaint on December 7, 2005.  Under these circumstances, where Plaintiff in good faith attempted to effect timely and proper service upon Defendant, and where Defendant suffered no prejudice or surprise as a result of the initial improper service, the Court declines to grant the motion to dismiss.

## CONCLUSION

For the reasons stated above, **IT THEREFORE IS ORDERED** that Defendant's Motion to Dismiss with Prejudice, filed December 6, 2005 **[Doc. No. 2]**, is DENIED**.**

Dated this 18th day of April 2006.

                                                JUDITH C. HERRERA
                                                UNITED STATES DISTRICT JUDGE